IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01818-BNB

JAMES SARDAKOWSKI,

    Plaintiff,

v.

ROGER WERHOLTZ, In his Official Capacity as Executive director,
JOANIE SHOEMAKER, In her Official Capacity as Deputy Director of Prisons, Clinical
      Services,
PAULA FRANTZ, In her Official Capacity as Chief Medical Officer,
TRAVIS TRANI, In his Official Capacity as Warden of Centennial Correctional Facility,
JILL LAMPELA, In her Capacity as HSA of C.C.F., and
COLORADO DEPARTMENT OF CORRECTIONS,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

    Plaintiff, James Sardakowski, is a prisoner in the custody of the Colorado Department of Corrections and currently is incarcerated at the Centennial Correctional Facility in Cañon City, Colorado.  Plaintiff, acting *pro se*, initiated this action by filing a Motion Pursuant to Fed. R. Civ. P. 71 and an Addendum.  The Court construed the Motion and Addendum as a challenge to the conditions of his confinement and directed Plaintiff to filed his claims on a Court-approved form used in filing prisoner complaints, which Plaintiff did on October 15, 2013.

    The Court must construe the Prisoner Complaint liberally because Plaintiff is a *pro se* litigant.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935

F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as a *pro se* litigant's advocate.  See *Hall*, 935 F.2d at 1110.  For the reasons stated below, Plaintiff will be ordered to file an Amended Complaint and assert how all named parties violated his constitutional rights.

To establish personal participation, Plaintiff must show how each individual caused the deprivation of a federal right.  See *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise.  See *Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).  A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position.  See *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).  A supervisor is only liable for constitutional violations that they cause.  See *Dodds v. Richardson, et al.*, 614 F.3d 1185 (10th Cir. 2010) (Tymkovich, J., concurring).

To state a claim in federal court, Plaintiff must explain in his Amended Complaint what each defendant did to him, when the defendant did the action, how the action harmed him, and what specific legal right he believes the defendant violated.  *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Finally, Defendant Colorado Department of Corrections is immune from suit.  The State of Colorado and its agencies are protected by Eleventh Amendment immunity. See *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Meade v. Grubbs*, 841 F.2d 1512, 1525-26 (10th Cir. 1988).  "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an

unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994), *overruled on other grounds by Ellis v. University of Kan. Medical Center*, 163 F.3d 1186, 1194-97 (10th Cir. 1998). The State of Colorado has not waived its Eleventh Amendment immunity, *see Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of 42 U.S.C. § 1983 did not abrogate Eleventh Amendment immunity, *see Quern v. Jordan*, 440 U.S. 332, 340-345 (1979). Accordingly, it is

ORDERED that Plaintiff file within thirty days from the date of this Order an Amended Complaint consistent with the above directives. It is

FURTHER ORDERED that Plaintiff shall obtain the Court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that if Plaintiff fails within the time allowed to file an Amended Complaint that complies with this Order, the Court will dismiss the action without further notice. It is

FURTHER ORDERED that process shall not issue until further order of the Court. It is

FURTHER ORDER that the Motion Pursuant to Fed. R. Civ. P. 71, ECF No. 1, is construed as a complaint and is terminated. It is

FURTHER ORDERED that Plaintiff's Motion for Appointment of Counsel, ECF No. 9, is denied as premature.

DATED October 17, 2013, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge