IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01818-BNB

JAMES SARDAKOWSKI,

     Plaintiff,

v.

ROGER WERHOLTZ,
TRAVIS TRANI,
JILL LAMPELA,
C. SOARES,
DEBORAH MOORE,
ANTHONY A. DeCESARO,
LIEUTENANT R. WILL, and
DALE BURKE, All Defendants are in Their Official Capacities,

     Defendants.

---

## ORDER TO DISMISS IN PART AND TO DRAW IN PART

---

     Plaintiff, James Sardakowski, is in the custody of the Colorado Department of

Corrections and currently is incarcerated at the Centennial Correctional Facility in

Cañon City, Colorado.  On July 10, 2013, Plaintiff submitted to the Court a Motion

Pursuant to Fed. R. Civ. P. 71 asserting he was denied a replacement ADA (Americans

with Disabilities Act) watch.  Because Plaintiff failed to submit his claims on a Court-

approved form and either pay the filing fee in full or submit a request to proceed

pursuant to 28 U.S.C. § 1915, Magistrate Judge Boyd N. Boland entered an order

directing Plaintiff to cure the deficiencies.  On October 15, 2013, Plaintiff complied with

the order to cure.  Magistrate Judge Boland then reviewed the Complaint and found Plaintiff asserted his claims pursuant to 42 U.S.C. §§ 1983 and 12101.

Magistrate Judge Boland entered an order on October 17, 2013, directing Plaintiff to assert how each of the named defendants personally participated in violating his constitutional rights under § 1983.  Instead of complying with the October 17 Order, Plaintiff filed a Motion to Clarify and claimed that his action is brought pursuant to § 12101, not § 1983.  In a minute order entered on November 13, 2013, Magistrate Judge Boland explained that on Page Five of the Prisoner Complaint form Plaintiff asserted jurisdiction pursuant to 42 U.S.C. § 1983, and he gave Plaintiff an additional thirty days to amend the Complaint to address the inconsistency.  Finally, after filing several motions for either an extension of time, clarification, or a rehearing, Plaintiff filed an Amended Complaint on December 18, 2013.

The Court must construe the Amended Complaint liberally because Plaintiff is a *pro se* litigant.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  If a complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [a court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110.  However, a court should not act as a *pro se* litigant's advocate. *See id.*  The Complaint and the action will be dismissed in part and drawn in part to a district judge and to a magistrate judge for the reasons stated below.

In the Amended Complaint, Plaintiff asserts jurisdiction pursuant to 28 U.S.C. §§ 1343, 1331, and 1391, and 42 U.S.C. §§ 1983 and 12101.  Plaintiff sets forth two

2

claims that challenge the ADA Inmate Coordinator's refusal to replace his ADA watch. Plaintiff contends he is hearing disabled and has been approved to have a vibrating watch that is provided to all inmates with hearing impairments.  Plaintiff seeks declaratory and injunctive relief.

Again in the Amended Complaint, Plaintiff states that jurisdiction is asserted pursuant to 42 U.S.C. § 1983, but he does not assert how any of the named defendants personal participated in violating his constitutional rights.  Because Plaintiff did state in his first Motion to Clarify, ECF No. 14, that he is not raising a constitutional violation claim, the Court construes Plaintiff's reference to § 1983 in the Amended Complaint as inadvertent and finds the action is filed pursuant to 42 U.S.C. § 12101 only.

Section 12101 does not impose individual liability.  *See Butler v. City of Prairie Village*, 172 F.3d 736, 744 (10th Cir. 1999).  Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."  42 U.S.C. § 12132. Under § 12131(1)(B), a public entity is defined as "any department, agency, special purpose district, or other instrumentality of a State or States or local government." . "The proper defendant in a Title II [of the Americans with Disabilities Act] claim is the public entity itself or an official acting in his or her official capacity."  *Nasious v. Colo.-Office of Governor Bill Ritter*, No. 09-cv-01051, 2011 WL 2601015, at *3 (D. Colo. June 29, 2011).

Plaintiff names several individuals in their official capacities as defendants.  Only Defendant Roger Werholtz is alleged to have control over ADA accommodations.  Am.

Compl., ECF No. 25, at 3.  Nothing Plaintiff asserts against the remaining defendants indicates they were involved in the alleged ADA violation or would be representative of the entity in an official capacity.  Defendants Travis Trani, Jill Lampela, C. Soares, Deborah Moore, Anthony A. DeCesaro, Lieutenant R. Will, and Dale Burke, therefore, will be dismissed from the action.  Accordingly, it is

ORDERED that the Complaint is dismissed as asserted against Defendants Travis Trani, Jill Lampela, C. Soares, Deborah Moore, Anthony A. DeCesaro, Lieutenant R. Will, and Dale Burke.  It is

FURTHER ORDERED  that the ADA Claim as asserted against Defendant Roger Werholtz  in his official capacity shall be assigned to District Judge R. Brooke Jackson and to Magistrate Judge Kristen L. Mix pursuant to  D.C.Colo.LCivR 40.1(c).

DATED at Denver, Colorado, this  23rd  day of __December__, 2013.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court